UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL BARRETT,

        Plaintiff,

v.

BLACK & DECKER (U.S.) INC.,

        Defendant.

06 Civ. 1970 (SCR) (MDF)

MEMORANDUM ORDER
ADOPTING REPORT &
RECOMMENDATION

---

**STEPHEN C. ROBINSON, United States District Judge.**

Michael Barrett commenced this action against Black & Decker (U.S.) Inc. (the "defendant") alleging negligence, strict products liability, and breach of warranty. Mr. Barrett alleges that he was using a table saw manufactured by the defendant and that the saw malfunctioned, due to various defects and failures to warn, causing him to injure his thumb. The case was filed originally in the Supreme Court of the State of New York for the County of Westchester, but the defendant removed it to this Court. Following the close of discovery, the defendant filed a motion to exclude Mr. Barrett's proposed expert and a motion for summary judgment. The motions were referred to Magistrate Judge Mark D. Fox, and he has issued a Report and Recommendation. Judge Fox has recommended that the defendants' motions be granted in their entirety. Currently before the Court are Mr. Barrett's objections to Judge Fox's Report and Recommendation.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C §636(b)(1)(C). To accept a Report and Recommendation to which no timely objection has been made, a district court need only satisfy itself that "there is no clear error on the face of

the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). A party may file "specific written objections," Fed. R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and, in that case, the district court has an obligation to make a de novo determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. 636(b)(1); *Grassia v. Scull*, 892 F.2d 16, 19 (2d Cir. 1989). The phrase "de novo determination" in section 636(b)(1)—as opposed to "de novo hearing"— was used by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980). A district court may, in its sound discretion, afford a degree of deference to the Magistrate Judge's Report and Recommendation. *Id*. Moreover, "[t]o the extent . . . that the party makes only conclusory or general objections, *or simply reiterates the original arguments*, the Court will review the Report strictly for clear error." *Harden v. LaClaire*, No. 07 Civ. 4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008) (emphasis supplied) (collecting cases).

After considering Mr. Barrett's objections to, and arguments against, Judge Fox's comprehensive and well-reasoned Report and Recommendation—objections and arguments that are merely reiteration of the arguments presented to and considered by Judge Fox—this Court has determined that there is no clear legal error on the face of the record and that Mr. Barrett's reiterated arguments are without merit. *See Harden*, 2008 WL 4735231, at *1. The Court therefore adopts the Report and Recommendation.

The Clerk of the Court is directed to close this case, including docket entry number 17.

*It is so ordered.*

Dated: December 1, 2008

White Plains, New York

Stephen C. Robinson
United States District Judge